EDWARD A. DUFRESNE, JR., Chief Judge.
| ¡.This is an appeal by Davor Tomasevic, defendant-appellant, from a judgment ordering enforcement of a settlement agreement entered into by him and Harvey Ford, L.L.C., plaintiff-appellee, in this dispute involving the trade-in value of a used pick-up truck. For the following reasons, we affirm the judgment.
The facts alleged in the petition and admitted in the answer are as follows. In December of 2005 Tomasevic bought from Harvey Ford a 2006 pick-up truck. He traded in his old 2004 pick-up truck for $24,000, paid $5,000 down, and financed an additional $9,041.75, making a total of $38,041.75 for the new vehicle.
The petition further alleges that at the time of the trade-in, Tomasevic represented that the truck was in good condition, even though he knew it had been flooded in Katrina or some other water event, thus rendering the vehicle substantially less valuable. It sought return of the $24,000 trade-in and other miscellaneous items of damages.
| ¡¡After the answer was filed the parties began settlement negotiations. Plaintiffs counsel made an offer, to which defendant’s counsel responded in writing as follows:
My client has two counter proposals: trade trucks and pay your client $3,000 or pay $15,000 to settle the matter. We can pay these funds immediately.
The second proposal for payment of $15,000 was accepted by plaintiffs counsel, also in writing.
Subsequently, plaintiff took the position that his offer to settle for $15,000 included return of the 2004 truck to him, as well as his keeping the 2005 truck. Plaintiff then filed a motion to enforce the settlement, which in its opinion did not involve return of the old truck. The trial judge agreed with plaintiffs position and ordered payment of $15,000, which included all costs, attorney fees and interest, except for an additional award of $150 for costs associated with the motion to enforce the settlement. Defendant now appeals.
Two assignments of error are urged. First, appellant asserts that the settlement offer and acceptance were not properly introduced into evidence, and therefore can not be considered by this court. Second, he argues that even were the settlement documents properly before the court, they are ambiguous and therefore do not represent a true meeting of the minds of the parties as to their terms. We reject both assignments.
As to the first, the settlement documents were properly introduced as exhibits attached to plaintiffs motion to enforce settlement. Not only did defendant not *523 challenge the contents or admissibility of the documents, but relied on them in his own argument to the court. In these circumstances the documents were properly considered by the district court, and are properly before this court.
1¿Defendant’s second argument is equally without merit. The language of the settlement proposal accepted by plaintiff is that defendant “will pay $15,000 to settle the matter. We can pay these funds immediately.” There are no conditions or stipulations in this language. Moreover, if return of the old truck were to be considered part of the agreement, it would mean that defendant’s trade-in would be reduced from $24,000 to $9,000 by payment of the $15,000, but plaintiff would not receive the old vehicle or anything else of value for this $9,000 credit on the price of the new truck. Such a result would be absurd.
For the foregoing reasons the judgment of the district court is hereby affirmed.

AFFIRMED.